UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GLEN BLAIR, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:09CV799 HEA |
| | ) | (TIA) |
| MICHAEL BOWERSOX, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Missouri state prisoner Glen Blair's pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The case was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(c).

## I. Procedural History

Petitioner is currently incarcerated at the South Central Correctional Center located in Licking, Missouri. On April 30, 2004, Petitioner was convicted by a jury in the Circuit Court of the City of St. Louis of four counts of statutory sodomy in the first degree, one count of child molestation in the first degree, and one count of sexual misconduct involving a child. (Legal File, Resp. Exh. A 78-84). The St. Louis City Circuit Court sentenced him on June 17, 2004, as a persistent offender to concurrent terms of twenty years imprisonment on each count of statutory sodomy, ten years imprisonment for child molestation in the first degree, and three years imprisonment for sexual misconduct involving a child. (Id. at 100-03). On November 1, 2005, the Missouri Court of Appeals affirmed Petitioner's conviction and sentence finding that Petitioner failed to properly preserve for appeal the issue of a violation of the Sixth Amendment confrontation right when the trial court admitted into evidence a videotape of the victim incriminating him inasmuch as he did not raise the

issue until after trial in his motion for new trial. State v. Blair, 175 S.W.3d 197 (Mo. Ct. App. 2005); (Resp. Exh. E). Petitioner did not seek further review in the Missouri Supreme Court, and his time for doing so expired on November 16, 2005. See Missouri Rule 83.02. The Missouri Court of Appeals issued its mandate on November 23, 2005. (Resp. Exh. F).

On February 14, 2006, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 29.15. (Resp. Exh. G at 4-21). Appointed counsel filed an Amended Motion to Vacate, Set Aside or Correct the Judgment pursuant to Rule 29.15 on May 30, 2006 raising two grounds for relief: trial counsel was ineffective for failing to present evidence refuting the state's assertion that the victim was a good girl and for failing to object to the admission of the victim's videotaped statement incriminating him. (Id. at 29-41). On July 3, 2007, the post-conviction motion court denied relief without an evidentiary hearing holding his claims to be without merit. (Id. at 54-60). On appeal, Petitioner raised one claim for relief, the ineffectiveness of trial counsel for failing to present evidence refuting the State's assertion that the victim was a "good girl." (Id. at H at 9). The Missouri Court of Appeals affirmed the denial of relief, Blair v. State, 255 S.W.3d 530 (Mo. Ct. App. 2008); (Resp. Exh. J), and issued its mandate on July 9, 2008. (Resp. Exh. K). Petitioner pursued no other action for review of his convictions and sentence.

On May 12, 2009, this Court received a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by Petitioner's application to proceed in forma pauperis ("IFP"). The petition and application bear Petitioner's signature dated May 5, 2009. On June 4, 2009, Petitioner's application to proceed IFP was granted and the Court ordered the Clerk of the Court to send in the mail a copy of the form "Petition Under 28 U.S.C. Section 2254 for Writ of Habeas Corpus by a Person in State Custody" and further ordered Petitioner to complete and return the petition within

thirty days.  On July 8, 2009, this Court received the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the amended petition was filed that same date.  The amended petition bears Petitioner's signature dated July 2, 2007.  Respondent was thereafter ordered to show cause why the claims for relief as set out in Petitioner's amended petition should not be granted.  In response, Respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch the original federal habeas petition was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d).  See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (the one-year period is tolled through the date a timely post-conviction appeal is concluded by the Missouri appellate court's issuance of a mandate).  Respondent further counters that the grounds for relief in the amended petition are either procedurally barred or not cognizable in federal habeas proceedings.

A person in custody under a state court judgment has one year from the date upon which the judgment became final to apply for a writ of habeas corpus from a federal court.  28 U.S.C. § 2244(d)(1).  The judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).  The one-year statutory period is tolled during the time a properly filed application for State post-conviction relief is pending. § 2244(d)(2).

Petitioner was convicted on April 30, 2004, and he was sentenced as a persistent offender on June 17, 2004.  The Missouri Court of Appeals affirmed the conviction and sentence on November 1, 2005.  State v. Blair, 175 S.W.3d 197 (Mo. Ct. App. 2005).  The mandate issued on November 23, 2005.  Petitioner did not seek transfer to the Missouri Supreme Court and, thus, his conviction became final for purposes of § 2244(d)(1)(A) on the day the mandate issued.  Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008).  In such circumstances, the federal habeas court does not include in the period provided by 28 U.S.C. § 2244(d)(1)(A) the ninety day period allowed for filing a petition

for certiorari to the United States Supreme Court because the United States Supreme Court could not review the petitioner's direct appeal due to the absence of a decision by the state court of last resort, the Missouri Supreme Court. Id. at 855. Therefore, in these situations, "the statute of limitations in 28 U.S.C. § 2241(d)(1) [begins] the day after the direct-appeal mandate" is issued. Id. at 856; accord McMullan v. Roper, 599 F.3d 849, 852 (8th Cir. 2010) (when no petition for writ of certiorari was filed with the United States Supreme Court, the "state court judgment becomes final ... the day after the direct appeal mandate was issued by the Missouri Court of Appeals.").

Here, the Missouri Court of Appeals issued its direct-appeal mandate on November 23, 2005, and Petitioner did not request transfer to the Missouri Supreme Court or file a petition for writ of certiorari with the United States Supreme Court. The limitations period ran for 82 days until Petitioner filed a motion for post-conviction relief on February 14, 2006. Section 2242(d)(20 states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). After the motion was denied, Petitioner appealed, without success. On July 9, 2008, the Missouri Court of Appeals issued the mandate following the appeal of the denial of post-conviction relief. Payne v. Kemna, 441 F.3d 570 (8th Cir. 2006). At that point, the running of the limitations period resumed.

To be timely, the instant habeas petition had to be filed 283 days later on April 18, 2009. The original petition was mailed on May 5, 2009 and was untimely filed on May 12, 2009. Petitioner filed an amended petition on July 8, 2009 as ordered by the Court wherein he raised two grounds for relief: (1) he was denied due process by the admission of a videotape statement of the victim incriminating him pursuant to Mo. Rev. Stat. § 491.0975; and (2) he was denied effective assistance of counsel by

counsel's failure to present evidence refuting the State's assertion that the victim was a "good girl."

The one-year statute of limitations set forth in § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010).

Petitioner asserts that he is entitled to equitable tolling because when he filed the original petition, Petitioner requested the Court to toll the statute of limitations if the time period had lapsed for filing. In relevant part, Petitioner asserted that he had

> not yet received a written confirmation of the court's decision; however, I was told three weeks ago by counsel that my Post-Conviction relief motion appeal was denied. I tried to find counsel to assist me in preparing this motion, however I was soon informed that my family did not have the funds available to hire an attorney. This short notice left me with only a few weeks to research, prepare and type this motion. I ask that this Honorable Court toll my time if in fact I am beyond my one-year limit. I have worked very hard to prepare this motion in a timely manner.

(Pet. at 18, ECF No. 1).

Petitioner contends that "extraordinary circumstances" made it impossible for him to timely file his petition, and thus equitable tolling is justified. "[E]quitable tolling is proper when 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."[1] Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999); see Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) ("[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). The Eighth Circuit has noted that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002) (internal quotations

---

[1]Equitable tolling may also be appropriate when "conduct of the defendant has lulled the plaintiff into inaction." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). Here, Petitioner does not accuse Respondent of any wrongful conduct.

omitted). Generally, such circumstances must be external to the petitioner and, at least one instance, a claim of actual innocence was not sufficient to toll the statute of limitations. Id. at 976-77.

Petitioner contends that there exists extraordinary circumstances which tolled the federal filing period and render his May 12, 2009 filing timely. Petitioner expresses the view that he had just learned three weeks before the filing of the original petition of the denial by the appellate court of his post-conviction relief. Rather than accept this conclusion at face value, the Court must evaluate the factual contentions supporting it. As Petitioner himself articulates them, the underlying facts are that after being told by counsel that his post-relief appeal had been denied, he attempted to find counsel to assist him in preparing the instant petition, and he requested this Court to toll his time for filing.

Such circumstances have repeatedly been rejected as failing to warrant tolling of the §2244(d) period. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (alterations in original omitted). Equitable tolling is "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1016 (8th Cir. 2003) (lack of understanding of the law does not justify equitable tolling). The undersigned notes that even in a case where the petitioner asserted that his state-appointed defense counsel and a prison

law clerk both told him he had one year from the date his state post-conviction relief became final to file his petition did not justify equitable tolling. Harris v. Norman, 4:10cv1003CEJ (Feb. 4, 2011).

The lack of Missouri legal materials and Petitioner's lack of success in recruiting legal assistance did not prevent him from ascertaining the denial of his post-conviction relief. Petitioner has not shown he was not capable of finding out the disposition of his post-conviction relief. The undersigned concludes that the circumstances here do not warrant equitable tolling because Petitioner failed to pursue his rights diligently. Likewise, Petitioner complains, in effect, that he lacked adequate legal resources to assist him in preparing the instant petition. "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." Kreutzer, 231 F.3d at 463(citing Preston v. State of Iowa, 221 F.3d 1343, 2000 WL 995013 at *1 (8th Cir. 2000) (per curiam). In Preston, the petitioner's unfamiliarity to federal law and his inability to timely obtain transcripts "'did not come near' to constituting the required showing of extraordinary circumstances." Id. Inadequate law library access was rejected as a basis for equitable tolling in Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003), as not a circumstance making timely filing impossible. See also Curtis v. Kemna, 22 Fed.Appx. 663, 664 (8th Cir. 2001). ([A]n inadequate law library is generally not an extraordinary circumstance warranting equitable tolling."). A §2255's invocation of equitable tolling was rejected where he blamed his delay on the logistical difficulties of relying on his brother, an inmate in another institution, to draft his motion for him. Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999). As here, the situation was "not beyond [movant's] control" because movant "could have drafted his own motion." Id.

The lack of written confirmation regarding the denial of his post-conviction relief did not constitute intentional state interference in his ability to pursue legal remedies. Furthermore, the Court

law clerk both told him he had one year from the date his state post-conviction relief became final to file his petition did not justify equitable tolling. Harris v. Norman, 4:10cv1003CEJ (Feb. 4, 2011).

The lack of Missouri legal materials and Petitioner's lack of success in recruiting legal assistance did not prevent him from ascertaining the denial of his post-conviction relief. Petitioner has not shown he was not capable of finding out the disposition of his post-conviction relief. The undersigned concludes that the circumstances here do not warrant equitable tolling because Petitioner failed to pursue his rights diligently. Likewise, Petitioner complains, in effect, that he lacked adequate legal resources to assist him in preparing the instant petition. "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." Kreutzer, 231 F.3d at 463(citing Preston v. State of Iowa, 221 F.3d 1343, 2000 WL 995013 at *1 (8th Cir. 2000) (per curiam). In Preston, the petitioner's unfamiliarity to federal law and his inability to timely obtain transcripts "'did not come near' to constituting the required showing of extraordinary circumstances." Id. Inadequate law library access was rejected as a basis for equitable tolling in Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003), as not a circumstance making timely filing impossible. See also Curtis v. Kemna, 22 Fed.Appx. 663, 664 (8th Cir. 2001). ([A]n inadequate law library is generally not an extraordinary circumstance warranting equitable tolling."). A §2255's invocation of equitable tolling was rejected where he blamed his delay on the logistical difficulties of relying on his brother, an inmate in another institution, to draft his motion for him. Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999). As here, the situation was "not beyond [movant's] control" because movant "could have drafted his own motion." Id.

The lack of written confirmation regarding the denial of his post-conviction relief did not constitute intentional state interference in his ability to pursue legal remedies. Furthermore, the Court

law clerk both told him he had one year from the date his state post-conviction relief became final to file his petition did not justify equitable tolling. Harris v. Norman, 4:10cv1003CEJ (Feb. 4, 2011).

The lack of Missouri legal materials and Petitioner's lack of success in recruiting legal assistance did not prevent him from ascertaining the denial of his post-conviction relief. Petitioner has not shown he was not capable of finding out the disposition of his post-conviction relief. The undersigned concludes that the circumstances here do not warrant equitable tolling because Petitioner failed to pursue his rights diligently. Likewise, Petitioner complains, in effect, that he lacked adequate legal resources to assist him in preparing the instant petition. "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." Kreutzer, 231 F.3d at 463(citing Preston v. State of Iowa, 221 F.3d 1343, 2000 WL 995013 at *1 (8th Cir. 2000) (per curiam). In Preston, the petitioner's unfamiliarity to federal law and his inability to timely obtain transcripts "'did not come near' to constituting the required showing of extraordinary circumstances." Id. Inadequate law library access was rejected as a basis for equitable tolling in Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003), as not a circumstance making timely filing impossible. See also Curtis v. Kemna, 22 Fed.Appx. 663, 664 (8th Cir. 2001). ([A]n inadequate law library is generally not an extraordinary circumstance warranting equitable tolling."). A §2255's invocation of equitable tolling was rejected where he blamed his delay on the logistical difficulties of relying on his brother, an inmate in another institution, to draft his motion for him. Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999). As here, the situation was "not beyond [movant's] control" because movant "could have drafted his own motion." Id.

The lack of written confirmation regarding the denial of his post-conviction relief did not constitute intentional state interference in his ability to pursue legal remedies. Furthermore, the Court

concludes that the circumstances Petitioner relies upon are insufficient to warrant equitable tolling of the one-year limitations period. "[Petitioner's] pre-filing efforts dealt with the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period." Frazier v. Rogerson, 248 F.Supp.2d 825, 834 (N.D. Iowa 2003). Rejecting Petitioner's equitable tolling argument, the undersigned could recommend dismissal of the instant habeas petition as untimely filed.

In the interests of judicial economy, however, the undersigned will address whether or not the claims are procedurally barred and, if not, their merits, rather than engage in a fact-finding hearing on the issue of timeliness or of whether Petitioner diligently pursued his rights. See Shelton v. Purkett, 563 F.3d 404, 407 (8th Cir.), cert. denied, 130 S.Ct. 739 (2009) (reaching merits of federal habeas petition rather than remanding for development of factual issue of whether the petition was diligently pursuing his rights); Trussell v. Bowersox, 447 F.3d 588, 590 (8th Cir. 2006) (reaching merits of habeas petition rather than remanding for development of factual issue of timeliness).

## II. Procedurally Defaulted Claim

With respect to claim one, the denial of due process by the admission of a videotape statement of the victim incriminating him pursuant to Mo. Rev. Stat. § 491.0975, Respondent argues this claim is procedurally defaulted because the claim was not presented in the post-conviction appeal.

"Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted." Skillicorn v. Luebbers, 475 F.3d 965, 976 (8th Cir. 2007); accord Echols v. Kemna, 511 F.3d 783, 785 (8th Cir. 2007) ("If petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted" (internal quotation marks omitted) (quoting Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007). In relevant part, claims

- 8 -

that should have been but were not presented in an appeal from a denial of a post-conviction motion are procedurally defaulted. See Interiano v. Dormire, 471 F.3d 854, 856 (8th Cir. 2006) (claims not presented in a Rule 29.15 post-conviction motion or included in appeal are procedurally defaulted); Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005) (claim raised in a Rule 29.15 post-conviction motion but not presented on appeal was procedurally barred); Sweet v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997) (a claim not raised in the post-conviction appeal was defaulted).

Here, Petitioner failed to raise this claim in the post-conviction appeal after the motion court dismissed his post-conviction motion. "Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow the applicable state procedural rules in raising the claims." Skillicorn, 475 F.3d at 976-77. "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Greer v. Minnesota, 493 F.3d 952, 957 (8th Cir. 2007) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). There is no exhaustive catalog of the objective impediments, nor have the precise contours of the cause requirement been clearly defined. Ivy v. Caspari, 173 F.3d 1136, 1140 (8th Cir. 1999). What has been established is that a "fail[ure] to raise [a] claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486. A review of the record shows that Petitioner failed to raise this claim in the appeal from the denial of post-conviction motion. In Interiano, the Eighth Circuit did not excuse a default caused in part by the post-conviction counsel's failure to raise known claims in the appeal from the denial of the post-conviction motion. Interiano, 471 F.3d at 857. Because no cause has been established for Petitioner's procedural default, it is

unnecessary to consider whether he demonstrated prejudice. Abdullah v. Groose, 75 F.3d 408, 413 (8th Cir. 1996).

Petitioner's defaulted ground may be reached absent a showing of cause and prejudice for his procedural default if he establishes that a failure to do so will result in a fundamental miscarriage of justice. "Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice." Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005). A showing of actual innocence requires new evidence and a "show[ing] that 'it is more likely than not that no reasonable juror would have convicted him in light of th[at] new evidence.'" Osborne, 411 F.3d at 920 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup. 513 U.S. at 316). Petitioner does not submit any new evidence of his actual innocence, nor does he allege that such evidence exists.

Because Petitioner's ground for federal habeas relief is procedurally defaulted, this Court does not need to address the merits of the claim. Christenson, 598 F.3d at 996. For the foregoing reasons, this ground for relief in Petitioner's amended petition is procedurally barred and will not be considered on its merits.

## **II. Ground II**

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

Petitioner argues that his trial counsel was ineffective by his failure to present evidence refuting the State's assertion that the victim was a "good girl."

Petitioner raised this claim in his post-conviction relief motion and in denying the claim, the post-conviction court opined as follows:

> Defense counsel attempted, during re-direct examination, to question movant about movant's testimony that Xzavier was a good girl, and specifically by asking about whether Xzavier had behavioral problems at school. When asked whether he had a

- 11 -

> good faith basis for believing Xzavier had behavioral problems at school counsel referred to Ms. Gant's deposition and said he believed Ms. Gant had mentioned a suspension for fighting. The prosecutor said this was not true. The Court said it would be easy to answer and directed counsel to get the deposition. Defense counsel could not find the deposition and withdrew the question.

(Resp. Exh. G at 55).

In rejecting the claim, the post-conviction relief court found as follows:

> Movant's first contention is that his attorney was ineffective for failing to present evidence to refuted[*sic*] the state's assertion that Xzavier was a "good girl" and that her credibility was not questionable. Movant contends his attorney should have located the deposition rather than withdrawing the question, and that as a result the defense rested without challenging Xzavier's history of behavior problems at school would have challenged her credibility and veracity as a witness.
>
> The Court does not believe the failure of defense counsel to question movant's testimony that Xzavier was a good girl by asking whether he was aware of behavior problems at school, could have possibly had an effect on the outcome of his trial. The Court finds that his first contention is without merit.

(Resp. Exh. G at 58).

Petitioner then raised this claim on appeal from denial of his post-conviction motion. (Resp. Exh. H). The Missouri Court of Appeals summarily denied Petitioner's claim of ineffective assistance of counsel for failing to elicit evidence of the victim's history of disruption in school. Blair v. State, 255 S.W.3d 530 (Mo. Ct. App. 2008);(Resp. Exh. J).

The state court's rejection of Petitioner's claim constituted adjudication on the merits of the claim and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States. Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is contrary to, or involved an unreasonable application of that clearly established law. Williams v.

Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

At the time Petitioner's conviction became final, the law was clearly established that in order to obtain relief under the Sixth Amendment for ineffective assistance of counsel, a petitioner must show that counsel's performance was both deficient and prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The crucial issue is whether the petitioner suffered material prejudice due to counsel's alleged deficient performance. Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000). In order to show prejudice, Petitioner must establish that there is reasonable probability that but for trial counsel's unprofessional errors, the result of Petitioner's trial would have been different. Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In evaluating the probability of a different result, the court must consider the totality of the evidence. Id., 466 U.S. at 695. Rather than second-guessing counsel's actions with the benefit of hindsight, the reviewing court must examine counsel's decisions with a

high degree of deference. Id., 466 U.S. at 689; White v. Helling, 194 F.3d 937, 941 (8th Cir. 1999) (the court "must resist the temptation to use hindsight to require that counsel's performance have been perfect. Only reasonable competence, the sort expected of the 'ordinary fallible lawyer' ... is demanded by the Sixth Amendment") (internal citation omitted). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Furthermore, even if petitioner shows counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.

In the instant claim of ineffective assistance of counsel, Petitioner contends that he received ineffective assistance of trial counsel in that counsel failed to find the deposition and question about the victim's behavior at school. Petitioner cannot show a reasonable probability of a different result if evidence had been admitted regarding the victim having been suspended once possibly for fighting. The post-conviction relief court opined that the failure to ask about behavior problems at school could not possibly have had an effect on the outcome of the trial. For the following reasons, this decision was neither contrary to, nor involved an unreasonable application of clearly established federal law, and Petitioner's claim will be denied.

The state court's rejection of Petitioner's claim constituted adjudication on the merits of the claim and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States. Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is

contrary to, or involved an unreasonable application of that clearly established law. Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

Based on the above, the state court's decision denying Petitioner relief is well based on law and fact. This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Petitioner demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claims "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. §2254(d)(1). Neither has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. §2254(d).

**IT IS HEREBY RECOMMENDED** that Petitioner Glen Blair's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 8/filed July 8, 2009) be dismissed without further proceedings.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this   13th   day of July, 2012.